OPINION JUDGMENT ENTRY
{¶ 1} Appellant appeals the jury verdict finding him guilty of one count of robbery, in violation of R.C. § 2911.02.
 {¶ 2} Appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 3} On September 1, 2003, Mark Reed was attending the Massillon vintage car show when he was approached by a man who he had just observed arguing with a couple across the street. This man placed his arm behind his back and demanded that Reed empty his pockets with the threat that he would slit his throat. Reed told the man that he did not have any money. The man again ordered him to empty his pockets or he would slit his throat. The man brought his hand from behind his back, allowing Reed to see that he did not have a knife. Reed then attempted to flee, but the man punched him in the face and mouth several times. The man then fled on his bicycle. Reed immediately walked to the Massillon Police Department which was located a few blocks away. (T. at 122-128).
 {¶ 4} Reed provided the police with a detailed description of the assailant, noting that he was about the same height as Reed, about medium build, with dark, wavy hair, and that he talked "funny". (T. at 132, 158-160).
 {¶ 5} Patrolman Jason Smith noted that Reed had a cut on lip, broken teeth and blood around the base of teeth.
 {¶ 6} Ptl. Smith gathered several officers and canvassed some of the local bars in the hope that the assailant may have gone into one near the scene of the assault. While standing outside one of the bars, Ptl. Smith was relaying Reed's description of the assailant to the other officers when Ptl. Ken Smith realized the description matched someone he had encountered earlier in the evening. (T. at 165, 197-198). This person, Troy, was someone Ptl. Ken Smith had dealt with in the past. He had observed Troy earlier that evening and that he appeared intoxicated and was acting boisterous and yelling at people on a balcony. He attempted to follow him with the possibility of investigating him for driving a bicycle while intoxicated but he turned into a parking lot and disappeared into the crowd of people. Ptl. Ken Smith stated that Troy had a noticeable speech impediment. This incident occurred one block from where Reed was assaulted thirty minutes later. (T. at 191-194).
 {¶ 7} Ptl. Ken Smith continued his investigation by going to a business frequented by Troy in an attempt to learn his last name. In the same vein, Ptl. Jason Smith, who was also familiar with Troy, pulled up the most recent police report containing Troy's last name and home address. The last name on the report was Hauenstein.
 {¶ 8} Ptl. Ken Smith went to the home address of Troy Hauenstein and placed him in the back of his cruiser.
 {¶ 9} Ptl. Jason Smith also went to the Troy's home address but he went with Reed in police cruiser. He pulled his cruiser close to Ptl. Ken Smith's crusier, and Ptl. Ken Smith shined a flashlight on Hauenstein's face, thereby illuminating it.
 {¶ 10} When asked by Ptl. Jason Smith if this was the person who had assaulted him earlier that evening, Reed "immediately, positively" replied yes. (T. at 169-170). The entire investigation took approximately forty-five minutes. Id.
 {¶ 11} Appellant Troy Hauenstein was placed under arrest and charged with robbery. He was indicted by the Stark County Grand Jury on one count of robbery, in violation of R.C. § 2911.02.
 {¶ 12} Appellant pled not guilty to the charge of robbery.
 {¶ 13} A jury trial commenced on November 13, 2001, with the jury returning a verdict finding appellant guilty as charged.
 {¶ 14} At trial, Mark Reed along with Ptl. Jason Smith and Ptl. Ken Smith testified to the above events.
 {¶ 15} The sole defense witness was Michael Epler, a friend of Appellant's roommate, who stated that on the night in question, Appellant and his roommate were both home at 7:45 p.m. when he arrived at their residence, that they sat on the porch and talked, and that around 8:30 Appellant went inside to clean up so the three of them could go get something to eat. He further testified that shortly before 9:00 p.m. he and Appellant's roommate observed a police car in the alley near the house. He further testified that when Appellant had not returned from inside the house by 9:15 p.m. they went inside to look for him and not finding him, suspected that he must have left with the police. He then testified that their suspicions were confirmed by placing a call to the Massillon Police Department.
 {¶ 16} On November 14, 2001, the trial court sentenced appellant to three years in prison.
 {¶ 17} On August 23, 2002, and May 19, 2003, Appellant filed motions for judicial release, both of which were denied.
 {¶ 18} On August 29, 2003, this Court granted Appellant leave to file a delayed appeal.
 {¶ 19} Appellant filed an appeal of his conviction and this matter is now before this court for consideration. Appellant's sole assignment of error is as follows:
 ASSIGNMENT OF ERROR {¶ 20} "I. The jury verdict finding the appellant guilty of robbery was against the manifest weight of the evidence in violation of the due process clause of the United States Constitution."
 I. {¶ 21} Appellant claims the jury's verdict was against the manifest weight of the evidence. We disagree.
 {¶ 22} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."State v. Martin (1983), 20 Ohio App.3d 172, 175. See, also,State v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175.
 {¶ 23} Appellant specifically argues the identification testimony by Mark Reed was not credible.
 {¶ 24} The jury was able to listen to all of the witnesses testify, including appellant's roomate's friend. They had the opportunity to take into account the witnesses' demeanor, voice inflections, and body language. They were also able to consider the inconsistencies and weigh each witness's individual credibility. I The direct identification by a witness and witness credibility are issues best left to the trier of fact. State v.DeHass (1967), 10 Ohio St.2d 230, at paragraph one of the syllabus. Since competent, credible evidence exists on the record to support the verdict, we will not disturb the jury's findings on the evidence.
 {¶ 25} Upon review, we find sufficient evidence to support the conviction, and no manifest miscarriage of justice.
 {¶ 26} Appellant's sole assignment of is overruled.
 {¶ 27} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
Judgment affirmed.
Boggins, J., Farmer, P.J. and Edwards, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed. Costs to Appellant.